IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Vernond Davis, individually and as parent of M. Davis and Z. Davis, | C/A No.: 3:10-372-JFA |
| Plaintiffs, | |
| vs. | **ORDER** |
| State Farm Life Insurance Company, | |
| Defendant. | |

This matter comes before the court on the motion of plaintiff Vernond Davis ("Davis") to set aside the clerk's entry of default. The motion was fully briefed and the parties presented oral argument to the court at a May 14, 2010 hearing, where the court granted Davis's motion. This order serves to memorialize the ruling of the court.

I. Background

This action concerns Davis's alleged entitlement to benefits under a life insurance policy (the "Policy") issued by defendant State Farm Life Insurance Company ("State Farm"). Davis filed suit against State Farm on January 26, 2010, in the court of common pleas for Sumter County, South Carolina, and State Farm thereafter removed the action to federal court on the basis of diversity jurisdiction. On February 18, 2010, State Farm answered the complaint and asserted a counterclaim for declaratory judgement seeking a declaration that State Farm is entitled to void the Policy on the grounds of misrepresentation. Davis failed to reply to the counterclaim and State Farm moved for default, which was

entered. Davis now moves to set aside the clerk's entry of default.

II.     Discussion

   A.     Davis's Motion to Set Aside Default

State Farm moved for default judgment pursuant to Rule 55(b)(2) on its declaratory judgment claim. The clerk thereafter made its entry of default. State Farm now contends that the clerk's entry of default effected a default judgment pursuant to Rule 55(b)(2) and not simply an entry of default pursuant to Rule 55(a), because that was the relief State Farm sought in its original motion. However, where the claim is not a liquidated sum and the other side has appeared, only the court may enter default judgment and then only after seven days' notice to the other side. See Fed. R. Civ. P. 55(b)(2). Accordingly, Davis's motion to set aside entry of default should be considered under the good cause standard of Rule 55(c) and not the excusable neglect standard of Rule 60(b).

The Fourth Circuit has found that "justice demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings." United States v. Moradi, 673 F.2d 725, 728 (4th Cir. 1982). To that end, relief from entry of default is appropriate when the moving party is able to allege a meritorious defense and acts with reasonable promptness. Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987). In addition, when considering whether to set aside default the court should consider: (1) the personal responsibility of the defaulting party, (2) the prejudice to the opposing party, (3) whether there is a history of dilatory action, and (4) the

2

availability of sanctions less drastic. Id. In considering these factors, the court is cognizant of the "'the extensive line of decisions' that have held that Federal Rule of Civil Procedure 55(c) must be 'liberally construed to provide relief from the onerous consequences of defaults and default judgments.'" Id. at 954.

Here, Davis moved to set aside default after 25 days, which the court finds reasonably prompt under the circumstances of the case. Davis also contends that the two-year statute of limitations governing challenges to insurance policies provides him a meritorious defense. See S.C. Code Ann. § 38-63-220(d). As such, Davis appears to assert a colorable defense. Turning to the additional facts the court is required to address by Moradi and Lolatchy, the record suggests (1) no personal fault on the part of Davis, (2) little to no prejudice to State Farm, (3) little history of dilatory action, and (4) the availability of less drastic sanctions.

III. Conclusion

In conclusion, the factors for consideration weigh in favor of Davis, as does the Fourth Circuit policy favoring disposition of claims on their merits. Accordingly, the court grants Davis's motion to set aside default. Dkt. No. 28.

IT IS SO ORDERED.

May 17, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge