IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Vernond Davis, individually and as parent of M. Davis and Z. Davis, | ) ) ) | C/A No.: 3:10-372-JFA |
| Plaintiffs, | ) ) ) | ORDER APPROVING SETTLEMENT AND APPROPRIATE DISPOSITION OF PROCEEDS |
| vs. | ) ) | |
| State Farm Life Insurance Company, | ) ) | |
| Defendant. | ) ) | |

This matter came before the court on September 7, 2010, for consideration of a tentative settlement agreement that had been reached in this case. The action involves a claim by the beneficiaries of a $50,000 life insurance policy issued on the life of Vilma Davis, who was the wife of the plaintiff Vernond Davis and the mother of the two minor plaintiffs, M. Davis and Z. Davis. The defendant, State Farm Life Insurance Company, issued the $50,000 policy that is the subject of the lawsuit.

At the settlement hearing, it was represented to the court as follows:

(1) The parties have reached an amicable settlement whereby the defendant will pay the entire policy proceeds ($50,000) in full settlement of all claims asserted in this action, and will obtain a complete release from all beneficiaries.

(2) Plaintiff's attorney, Everett J. Mercer, has a contract with the plaintiffs providing for a contingency fee of thirty-three and one-third (33 1/3) percent of any amount recovered in this litigation. Mercer is thus entitled to a fee of $16,660 under his contract with the

1

plaintiffs. He has, however, commendably determined that he should reduce his fee to the sum of $8,000, thereby cutting his contractually agreed upon fee in half. In addition, Mr. Mercer has incurred a filing fee of $150 and a service fee of $20, thereby yielding a total out-of-pocket expenditure by him of $170.

(2) By previous order Ms. Sarah Powell, was appointed as Guardian ad Litem to represent the two minor plaintiffs in this action. Both Vernond Davis and Ms. Powell represented to the court that they had determined that the settlement is fair, just, and reasonable under the circumstances presented in this case.

(3) During his representation of the plaintiff, Mercer was made aware of two creditors of Vernond Davis, both of who claim some type of lien interest or other equitable interest in the mobile home in which Mr. Davis and his two minor daughters were residing. One of these creditors is Mr. E.C. Deeno Kitchen, who contended that Vernond Davis was indebted to him in the amount of $3,647, and the other was Mr. Robert Porter, who claimed a debt of $5,697.44. At the hearing, Vernond Davis agreed that the $3,647 debt to Mr. Kitchen was legitimate and that Mr. Mercer should be authorized to make payment to Mr. Kitchen of this amount out of the settlement share going to Vernond Davis.

Mr. Davis disputed, however, the $5,697.44 claim asserted by Mr. Porter and instructed that he would refuse to allow Mr. Mercer to make payment directly to Mr. Porter. This, of course, placed Mr. Mercer in an ethical dilemma, because he was under an obligation to protect Mr. Porter's interest in return for Mr. Porter not evicting Mr. Davis and two children from the mobile home. Mr. Davis objected to payment to Mr. Porter because he

2

contended that the mobile home was uninhabitable. It thus appeared to the court that a legitimate dispute has arisen between Mr. Davis and Mr. Porter and that the funds claimed by Mr. Porter should be held by a third party unless and until Mr. Davis and Mr. Porter can litigate their dispute to conclusion, or, alternatively, reach a compromise settlement. It was ultimately determined that the best course of action would be to have the disputed $5,697.44 paid into the Registry of this court to be held pending further order.

(3) Ms. Powell, the Guardian ad Litem, recommended to the court that Margaret Kennedy, the godmother of the two minor children, be appointed as conservator to hold and manage the share of the settlement proceeds belonging to the two minor children. Ms. Powell indicated that she will work with Mr. Mercer to file the necessary paperwork with the probate court to have Ms. Kennedy, or some other appropriate person, appointed as conservator.

Based upon the foregoing representations, the court has determined that the settlement in the amount of $50,000 is fair, just, and reasonable under the circumstances. The court further determines that the attorney's fee request by Mr. Mercer is eminently fair and should be authorized. The court further determines that Ms. Powell, the Guardian ad Litem, should be compensated at a reasonable amount for her services in this case. The court further determines that the settlement proceeds, net of any expenses and other withheld amounts detailed below, should be divided in three equal shares, payable one share each to Mr. Davis, and one share each to his two minor children.

The court finds that Mr. Kitchen has a legitimate claim of $3,647 that should be paid

out of the settlement proceeds share allocated to Mr. Davis. Finally, the court determines that there is a disputed claim asserted by Mr. Porter of $5,697.44 that should be held by the Registry of this court pending a resolution of this dispute.

Based on the foregoing, it is hereby ordered that the settlement proposed to the court is fair, just, and reasonable and the same is hereby approved. The defendant shall tender the $50,000 check to Mr. Mercer, who shall obtain releases from Vernond Davis and Sarah Powell, the Guardian ad Litem for the two minor children. Upon execution of these releases, Mr. Mercer is authorized to deposit the settlement proceeds in his trust account and disperse such proceeds as follows:

(a) $8,170.00 (representing an $8,000 attorney fee and $170 of costs) to Mr. Mercer;

(b) a reasonable sum to be determined by Ms. Powell and Mr. Mercer to Ms. Powell for her Guardian ad Litem fee;

(c) any fee charged by the probate court for commencement of the conservatorship proceedings called for herein; and

(d) the balance of the funds shall be divided into three equal shares: one share each shall be paid to the duly appointed conservator for M. Davis and Z. Davis, the minor plaintiffs herein; the other share shall be disbursed as follows: $3,647 to Mr. Kitchen to pay the undisputed claim he asserts against Vernond Davis, and $5,697.44 to the court Registry to be held pending further order of this court which will issue once the dispute between Mr. Davis and Mr. Porter is resolved. The balance of Mr. Davis's share shall be paid to Vernond Davis in full settlement of his claims in this case.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

September 13, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

4