IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vernond Davis, Individually and as Parent of M. Davis and Z. Davis,<br><br>                                              Plaintiff,<br>vs.<br><br>State Farm Live Insurance Company,<br><br>                                              Defendant. | C/A: 3:10-372-JFA<br><br>ORDER |

In an Order filed September 20, 2010, this court approved a settlement that had been reached between the parties in this case, which involved competing claims to a $50,000 life insurance policy issued on the life of Vilma Davis, who was the wife of the plaintiff Vernond Davis, and the mother of the two minor plaintiffs, M. Davis and Z. Davis. *See* ECF Nos. 50, 52. As detailed in that Order, the agreement provided for payment of a reduced fee to Everett J. Mercer, the plaintiff's attorney, payment of his administrative expenses relating to this litigation; $3,647 to a Mr. Kitchens to pay an undisputed claim that he asserted against Mr. Davis; payment of the sum of $5,697.44 to the Court Registry to be held pending further order of this court; and the balance of the life insurance proceeds to be divided in three equal shares between the plaintiff and his two minor children.

As set out in more detail in the September 2010 Order, attorney Mercer advised the court of two creditors (Mr. Kitchens and Mr. Porter) who claimed some type of lien interest

or other equitable interest in the mobile home in which Mr. Davis and his two minor daughters resided. At a hearing held on September 7, 2010, Mr. Davis agreed that the $3,647 debt to Mr. Kitchens was legitimate and authorized Mercer to consent to payment of that sum to Mr. Kitchens out of the settlement proceeds. Davis disputed, however, the $5,697.44 claim asserted by Mr. Porter and refused to allow Mercer to authorize the payment of this claim. Mercer then informed this court that he felt somewhat of an ethical obligation to "protect" this claim because he had prevailed upon Mr. Porter not to evict Mr. Davis and his two children from their dwelling while this litigation was pending. The matter was resolved by authorizing the payment of the disputed claim into the court's Registry, to be held and paid to the prevailing party in the litigation that between Mr. Porter and Mr. Davis that was then pending in state court.

The court is now in receipt of a motion by Sumter attorney A. Paul Weissenstein, Jr., who advises that Mr. Davis, the plaintiff in this action, was the losing party in the state court litigation. *See* ECF No. 54. Mr. Weissenstein proceeds to request that the funds being held in the court's Registry be paid to him, as the attorney representing the losing litigant in the state court litigation that was to govern the disposition of the retained funds. Although there is little support in this motion for such a request, Mr. Weissenstein appears to argue that the funds belong solely to Mr. Davis because Mr. Porter did not have "any direct interest" in the life insurance proceeds that were the subject of the original action. More significantly, there is no indication that Mr. Weissenstein had made Mr. Davis's state court attorney aware of

the potential award to his client as a result of this court's September 2010 Order.

For the foregoing reasons, Mr. Weissenstein is hereby directed to immediately furnish to this court the name of the attorney who represented Mr. Davis in the state court action. He is also directed to provide such attorney with a copy of this order as well as this court's order filed September 20, 2010. This will afford the attorney for the prevailing party in the state court litigation the opportunity to appear this litigation and assert any interest that he might wish to make on behalf of his client.

IT IS SO ORDERED.

August 5, 2013                                             Joseph F. Anderson, Jr.
Columbia, South Carolina                         United States District Judge